

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BONNIE SIMSON,<br><br>Defendant. | Criminal Action No.<br>5:11-CR-472 (DNH)<br><br>INDICTMENT<br>Vio: 18 U.S.C. § 666(a)(1)(A) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE GRAND JURY CHARGES:

### COUNT ONE

From on or about December of 2000 until on or about March of 2011, in the Northern District of New York, the defendant,

**BONNIE SIMSON**,

being an agent of an organization receiving in any one year period benefits in excess of $10,000 under a Federal program involving insurance and other forms of Federal assistance, embezzled, stole, and obtained by fraud property having a value in excess of $5,000 and owned by and under the control of such organization, in that, while employed as the manager of the Patient Telephone and Television Services Program ("PTTSP") at St. Joseph's Hospital in Syracuse, New York, the defendant appropriated to herself in excess of $800,000 in currency from envelopes containing payments made by individual patients to the PTTSP and then inaccurately reported the amount of currency payments

made by the patients in order to conceal her embezzlement, all in violation of 18 U.S.C. § 666(a)(1)(A).

## FORFEITURE ALLEGATION

1       The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section 666 set forth in Count One of this Indictment, the defendant,

**BONNIE SIMSON,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.      If any of the property described above, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided

without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated: October 12, 2011                          A TRUE BILL,

**REDACTED**
FOREPERSON

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK

By: _____
Gwendolyn E. Carroll
Assistant U.S. Attorney
Bar Roll No. 515777